CMR

| | |
|---|---|
| MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.<br>BY: PATRICK C. LAMB, ESQUIRE<br>IDENTIFICATION NOS. 70817<br>1800 JOHN F. KENNEDY BLVD., SUITE 1900<br>PHILADELPHIA, PA 19103<br>(215) 564-6688<br>Our File No. 642-89954 | ATTORNEY FOR DEFENDANT,<br>OAK LEAF OUTDOORS, INC. d/b/a<br>LONE WOLF TREESTANDS |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL WEBB AND MARGARET MARR-WEBB<br><br>vs.<br><br>OAK LEAF OUTDOORS, INC. d/b/a LONE WOLF TREESTANDS, LONE WOLF MANUFACTURING, INC., CABELA'S HAMBURG PA STORE, CABELA'S RETAIL, INC., CABELA'S VENTURES, INC. and CABELA'S WHOLESALE, INC. | CIVIL ACTION NO. 11-CV-02456<br><br>RECEIVED SEP 2 5 2012 |

### STIPULATED PROTECTIVE ORDER

Upon the stipulation and agreement of Plaintiffs, Daniel and Margaret Webb, Defendant, Oak Leaf Outdoors, Inc., and the other parties to this action, as evidenced by the signatures of their respective counsel below:

**IT IS HEREBY ORDERED THAT** the documents, testimony and other information voluntarily produced by Oak Leaf Outdoors, Inc., in response to a request served upon it by counsel for Plaintiffs and Defendants shall be subject to and governed by the terms of this Protective Order as set forth below:

1. The documents and other information to be produced by Oak Leaf Outdoors, Inc. may contain trade secrets and other confidential research, development and commercial information owned by Oak Leaf Outdoors, Inc. Such documents and information are hereafter referred to as "Protected Documents."

8444431.1 36820/144804

2. Except as otherwise indicated below, all documents that Oak Leaf Outdoors, Inc., designates as "Confidential" and that are produced in this litigation shall be "Protected Documents" and shall be given confidential treatment as described below.

3. Protected Documents shall <u>not</u> include:

   (a) Advertising materials; or

   (b) Materials which, on their face, show that they have been published by Oak Leaf Outdoors, Inc. to the general public.

4. Any document produced by Oak Leaf Outdoors, Inc. which either Plaintiffs or a Co-Defendant contends was erroneously designated as "Confidential" shall nevertheless be treated as a Protected Document until Plaintiffs or the Defendants either:

   (a) Obtains written permission from Oak Leaf Outdoors, Inc. to do otherwise; or

   (b) Obtains a further Order from this Court determining that the document in question is not a Protected Document.

5. Protected Documents shall be produced by Oak Leaf Outdoors, Inc. only to the attorneys for the parties to this case.

6. Protected Documents and material contained therein or derived therefrom shall not be used or shown, disseminated, copied, or in any way communicated to any person for any purpose whatsoever, other than as required for the preparation and trial of this action. Except as provided below, counsel for the parties to this case shall hold in confidence all Protected Documents and all material contained therein or derived therefrom.

7. Except with the prior written consent of Oak Leaf Outdoors, Inc., or upon the further Order of this Court, counsel for Plaintiffs and counsel for the Co-Defendant(s) may show

Protected Documents and may disclose the contents thereof only to the following persons (hereinafter referred to as "Qualified Persons"):

 (a) Counsel of record in this action;

 (b) Employees of such counsel assigned to and necessary to assist such counsel in the preparation or trial of this action; and

 (c) Experts and consultants retained by Plaintiffs or by the Defendant(s) (as the case may be) whose assistance is necessary for the preparation or trial of this specific action.

8. Before any Qualified Person is given access to any Protected Document or before such documents are delivered, exhibited or disclosed to any Qualified Person, or before any Qualified Person receives material contained in or derived from any Protected Documents, counsel for either the Plaintiffs or the Defendant(s) (as the case may be) shall advise each Qualified Person of the terms of this Order, shall give each Qualified Person a copy of this Order.

9. Plaintiffs' counsel and counsel for Defendants shall keep records of all copies of each Protected Document distributed in whole or in part to any Qualified Persons in connection with this case.

10. To the extent that any Protected Documents, information contained therein, or information derived therefrom, is used in connection with depositions, such documents or information shall remain subject to the provisions of this Order, together with the transcript pages of the deposition testimony dealing with the Protected Documents or information. If any protected document is used in connection with any deposition or marked as an exhibit at a deposition, the court reporter shall be informed of the terms of this Order, shall be required to

proceed in a manner consistent with this Order, and the reporter shall separately label the confidential portion of the deposition transcript as such.

11. Each document filed with the Court that is a Protected Document or that contains information obtained from a Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action, the legend "Confidential Information Subject To Protective Order" and the following statement:

> This sealed envelope contains confidential information filed in this case and is not to be opened or the contents thereof displayed or revealed, except pursuant to the Order of the Court. This envelope shall not be opened without a court Order, except by court personnel or counsel of record who, after reviewing the contents, shall return them to the Clerk in a sealed envelope or container.

12. Upon conclusion of this action by final judgment or settlement, all Protected Documents, all copies thereof, all information derived therefrom and all excerpts therefrom shall be returned within thirty days by each Qualified Person possessing such information to counsel for Oak Leaf Outdoors, Inc. This paragraph shall require the return of the original materials produced, together with all photocopies, duplicates, abstracts or reproductions of such materials to:

Milton S. Karfis
Clark Hill PLC
500 Woodward Ave., Suite 3500
Detroit, MI 48226

13. Neither Plaintiffs nor the Defendants, nor their respective counsel, experts or other persons retained by them to assist in the preparation of this action shall under any circumstances sell, offer for sale, trade or barter, offer for trade or barter or give away, advertise or publicize either the contents of Protected Documents or the fact that Oak Leaf Outdoors, Inc. has produced confidential documents in connection with this litigation.

14. The provisions of this Order shall survive termination of this litigation and continue to be binding upon all parties and all Qualified Persons. This Court shall retain and have jurisdiction over the parties, all Qualified Persons and any other recipients of Protected Documents for the purpose of enforcing the provisions of this Order, notwithstanding termination of this litigation.

15. The terms and the existence of this Protective Order shall remain confidential and this Order shall not be disclosed or cited by any party hereto in connection with any other proceeding, except in connection with a motion seeking to enforce the provisions of this Order.

DONE and ORDERED this the 9th day of October, 2012.

_____
Judge

## STIPULATION

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties hereto, by their respective counsel, that the foregoing Order is approved as to both form and substance and may be entered by the Court as an Order of the Court.

**FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG, LLP**

By: /s/ Daniel Mann (w/consent)
Daniel S. Weinstock, Esq.
Daniel J. Mann, Esq.
Andrew K. Mitnick, Esq.
1845 Walnut Street, 25th Floor
Philadelphia, PA 18103
215.567.8300
dweinstock@feldmanshepherd.com
dmann@feldmanshepherd.com
amitnick@feldmanshepher.com
*Attorneys for Plaintiff*

Dated: 9/21/12

**K&L GATES, LLP**

By: /s/ Jared Hawk (w/ consent)
Mark D. Feczko, Esq.
Jared S. Hawk, Esq.
Lauren J. Garraux, Esq.
K&L GATES LLP
210 Sixth Avenue
Pittsburgh, PA 15222
(412) 355-6500
Fax (412) 355-6501
mark.feczko@klgates.com
jared.hawk@klgates.com
lauren.garraux@klgates.com

*Attorneys for Defendants Cabela's, Inc., Cabela's Ventures, Inc., and Cabela's Wholesale, Inc.*

Dated: 9/24/12

**CLARK HILL PLC**

By: /s/ Bishop A. Bartoni
Barry B. Sutton, *pro hac vice*
Milton S. Karfis, *pro hac vice*
Bishop A. Bartoni, *pro hac vice*
500 Woodward Ave., Suite 3500
Detroit, MI 48226
313.965.8250
mkarfis@clarkhill.com

and

**MARKS, O'NEILL, O'BRIEN & COURTNEY, PC**
Patrick C. Lamb, Esquire
Attorney I.D. No. 70817
1800 John F. Kennedy Blvd., Suite 1900
Philadelphia, PA 19103
(215) 564-6688
Fax (215) 564-2526
plamb@mooclaw.com

*Attorneys for Defendant Oak Leaf Outdoors, Inc. d/b/a Lone Wolf Treestands*

Dated: 9/25/12

8444431.1 36820/144804